JOHN R. MOORE AND WIFE *v.* J. A. GRAHAM.

**Husband and Wife—Deed by Wife—Pleading.**

A deed executed by a married woman without her husband joining is insufficient, and unless the plaintiff grantor files an amended petition and tenders therewith a good and sufficient deed, her petition should be dismissed.

APPEAL FROM WARREN CIRCUIT COURT.

April 3, 1873.

OPINION BY JUDGE PETERS:

From the pleading in this case it appears that appellant, Mrs. Lee Ann Moore, acquired title to the house and lots from the contract for the sale of which this litigation has arisen under the first clause of the will of her father, the late Bennett Barnam, which reads as follows: "After my just debts and funeral expenses are paid, I give, bequeath, and devise to my daughter, Lee Ann Smith, widow of the late Calvin Smith, deceased, all of my real estate and slaves, of which I may die possessed, or of which I may then be the owner, whether said property be held separately or in conjunction with another." If there had been no other clause in the will limiting her estate in the house and lot, it would have been general and by joining with her husband in a sale and conveyance the purchaser would have taken an unincumbered title.

But by the fifth clause of the will the testator directed that the real estate devised to the said Lee Ann Smith, in case of her mar-

riage, was to be entirely free from the control or disposition of her husband, and not in any way subject to his debts, whereby her estate in said property was made separate. But be that as it may, the deed which she professes to have made is wholly insufficient to invest appellee with the legal title, and she should have tendered an amended petition with a good and sufficient deed in which her husband should have joined, and upon her failing to do so the petition should have been dismissed without prejudice to another suit. This, however, according to our construction of the judgment, the court below failed to do; and if permitted to stand said judgment might operate as a bar to another action on said obligation.

Wherefore the judgment is reversed and the cause is remanded with directions to dismiss the petition unless appellants should within reasonable time offer to amend the petition and present such pleadings as will ultimately put an end to the litigation.

As the first error in pleading commenced with appellants, they will not be allowed to recover costs, but must pay their even costs.

*Bush,* for appellants.

*Hines,* for appellee.